**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-319 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHN DOE #1, ET AL | MAGISTRATE JUDGE HORNSBY |

**AMENDED MEMORANDUM ORDER**[1]

Before the Court is Defendant David Lindsay's ("Lindsay") Motion to Dismiss Count Two and Count Three as Violations of the Double Jeopardy Clause. (Record Document 501). Defendants Robert Sprague ("Sprague") and Daniel Deschenes ("Deschenes") have adopted Lindsay's motion. (Record Document 555, 556). John Wyss ("Wyss") filed a separate motion requesting identical relief without making any unique arguments. (Record Document 567, 571). Therefore, all Motions to Dismiss can be addressed in this Memorandum Order. After reviewing all of the Motions to Dismiss, as well as the Government's response (Record Document 582), the Defendants' Motions to Dismiss are **DENIED**.

Count One of the applicable indictment in this matter charges the Defendants with "engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252 A (g)." (Record Document 501-1 at 4).  Count Two of the indictment charges the Defendants with "conspiracy to advertise the distribution of child pornography in violation of 18 U.S.C. §

---

[1] Amended to clarify the Court's consideration of Defendant John Wyss' Motion to Dismiss. (Record Document 567). In its original Memorandum Order, the Court did consider this Motion but did not specifically make reference to it.

1

2251(d)(1) & (e)." (Record Document 501-1 at 5). Count Three of the indictment alleges the Defendants conspired to "distribute child pornography in violation of 18 U.S.C. § 2252A (a) (2) (A) & (b) (1)." See id.

The Defendants argue that Counts Two and Three of the indictment are "violations of the double jeopardy clause." (Record Document 501 at 1). The Defendants state that since "Count 2 and Count 3 do 'not require proof of facts different from the child exploitation enterprise offense's 'in concert' requirement,' Count 2 and Count 3 are, in fact, lesser included offenses of Count 1, and therefore Count 2 and Count 3 should be dismissed pursuant to the Double Jeopardy Clause." (Record Document 501-1 at 5).

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be subject for the same offence to be twice put in jeopardy of life or limb. [T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Cluck, 87 F.3d 138,140 (5th Cir. 1996)  (Citations omitted). "Central to finding a double jeopardy violation in this case is the establishment of multiple punishment." See id.

There have been no acquittals, convictions or punishments at all in this matter; therefore there can be no finding of double jeopardy. These motions are denied.

Accordingly,

**IT IS ORDERED** that Defendant David Lindsay's Motion to Dismiss Count Two and Count Three as Violations of the Double Jeopardy Clause (Record Document 501), as adopted by Robert Sprague and  Daniel Deschenes (Record Document 555 and 556), and Defendant John Wyss' motion asserting the same (Record Document 567, 571) be and hereby are **DENIED**.

2

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 3rd day of January, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE